FRANK J. DYKAS (ISB 1777)
SCOTT D. SWANSON (ISB 8156)
DYKAS & SHAVER, LLP
P.O. Box 877
Boise, Idaho 83701
Phone (208) 345-1122
Fax (208) 345-8370
Email: frank@dykaslaw.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **MULTIQUIP, Inc.**, a California corporation,<br><br>and<br><br>**ADVANCED CONCRETE TECHNOLOGIES, LLC.** a Utah Limited Liability Company<br><br>Plaintiffs,<br><br>vs.<br><br>**LYTHIC SOLUTIONS, Inc.** a Washington corporation,<br><br>and<br><br>**SOLOMON COLORS, Inc.** an Illinois corporation<br><br>Defendants. | Case No. ________________<br><br>COMPLAINT FOR INFRINGEMENT OF U.S. PATENT NO. 8,852,334<br><br>Demand for Jury Trial<br><br>Filed Electronically |

COMES NOW, MULTIQUIP, Inc., a California corporation, and Advanced Concrete Technologies, a Utah limited liability company (hereinafter the "Plaintiffs) by and through its attorneys of record, Dykas & Shaver, LLP of Boise, Idaho, and complain against LYTHIC

SOLUTIONS, Inc. and SOLOMON COLORS, Inc., the Defendants, as follows:

1. Plaintiff Multiquip, Inc., (hereinafter "MQ"), is a California corporation having a principal place of manufacturing and business in Boise, Idaho. Advanced Concrete Technologies, LLC (hereinafter "ACT") is a Utah limited liability company having its principle place of business in Orem, Utah.

2. Upon information and belief, Defendant Lythic Solutions, Inc. is a Washington corporation (hereinafter "Lythic") has a principal place of business in Vancouver, Washington and does business in Idaho and throughout the United States through its dealer network. Also, upon information and belief, Defendant Solomon Colors, Inc. is an Illinois corporation with a principal place of business in Springfield, Illinois, and does business in Idaho and throughout the United States through its dealer network. Upon information and belief, Solomon Colors, Inc. has purchased the assets of Lythic and is the successor in interest to the business of Lythic.

3. Jurisdiction in this Court is proper pursuant to Title 28 U.S.C. §1338(a) in that the District Court has original jurisdiction of any civil action arising under any Act of Congress relating to Patents, Copyrights and Trademarks. This jurisdiction is exclusive of the courts of the states in patent cases. This is a complaint for infringement of United States Letters Patent No. 8,852,334 (hereinafter the "'334 Patent"). A copy of the '334 Patent is attached and incorporated herein as Exhibit A.

4. Venue in this judicial district is proper pursuant to 28 U.S.C. §1391(c) and §1400(b) because Defendant, by either transacting business in the State of Idaho, or through the commission of acts of infringement within this judicial district, have subjected themselves to jurisdiction and therefore venue within this district.

5. United States Letters Patent No. 8,852,334 duly issued on October 7, 2014 and, for all relevant times, has been assigned to the ARRIS TECHNOLOGIES, LLC, a Wyoming liability company (hereinafter "ARRIS"). For all relevant times, ACT has been the holder of an exclusive license, with rights to sublicense, the '334 Patent from ARRIS. For all relevant times, ACT has granted an exclusive sublicense to the issued patent claims 4, 20, 26 through 38 and 41 of the '334 Patent to MQ.

6. Defendants are, without authority, using, offering for sale and selling, within this District and elsewhere, methods of applying chemical compositions containing colloidal silica to curing concrete which infringe the '334 Patent in violation of Title 35 U.S.C. §271(a).

7. Defendants are contributing to the infringement of the '334 Patent by others within this District and elsewhere in violation of Title 35 U.S.C. §271(c) by making, importation, offering for sale and selling of chemical compositions under the trade name "Day 1 Troweling and Finishing Aid" for use in practicing the claimed invention, knowing the same to be especially made or especially adapted for use in an infringement of the '334 Patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use.

8. Defendants are inducing the infringement by others of said United States Letters Patent No. 8.852,334 in violation of Title 35 U.S.C. §271(f)(1).

9. Defendants have been, and continue to willfully and wantonly infringe said United States Letters Patent No. 8,852,334.

10. Plaintiff has complied with 35 U.S.C. §287 by placing the required statutory notices on all machines manufactured for use in practicing the claimed invention and sold or leased by it, and by notifying Defendant prior to the commencement of this civil action that

Defendants are infringing upon Plaintiffs' patent.

11. Plaintiffs have been damaged by Defendants' aforementioned infringement, and will continue to suffer grievous damage and irreparable harm.

12. Defendants' infringement of said United States Letters Patent No. 8,852,334 will continue unless and until enjoined by this Court.

**WHEREFORE**, Plaintiff prays:

A. For judgment that the United States Letters Patent No. 8,852,334 is valid and enforceable;

B. For judgment that the claims of United States Letters Patent No. 8,852,334 have been infringed by the Defendants;

C. For judgment that the claims of United States Letters Patent No. 8,852,334 have been contributorily infringed by the Defendants;

D. For judgment that Defendants have induced infringement by others of the claims of United States Letters Patent No. 8,852,334;

E. For an injunction preliminarily and permanently restraining and enjoining further infringement by the Defendants and their subsidiaries, agents, officers and employees, and all others acting in concert with them: from the practice of the patented methods of United States Letters Patent No. 8,852,334; contributing to the infringement by others by importation, manufacture, offer for sale, and sale of selling chemical compositions under the trade name "Day 1 Troweling and Finishing Aid" or any other trade name, for use in practicing the claimed invention, knowing the same to be especially made or especially adapted for use in an infringement of the United States Letters Patent 8,852,334, and not a staple article or commodity

of commerce suitable for substantial non-infringing use; and inducing others to infringe upon United States Letters Patent 8,852,334;

F. For an accounting of Defendants' profits and an award of damages adequate to compensate Plaintiffs for infringement of said Letters Patent by Defendants, but in no event less than a reasonable royalty for the use made of the invention, together with interest thereon;

G. For an increase in damages to three times the amount found or assessed as a result of willful infringement of said United States Letters Patent by Defendant;

H. For Plaintiff's costs of suit, reasonable attorneys fees, and interest; and

I. For such other and further relief as this Court may deem just and proper.

DATED this 2nd day of February, 2015.

ATTORNEY FOR PLAINTIFFS

By:____________________
FRANK J. DYKAS
DYKAS & SHAVER, LLP

DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b) Plaintiffs hereby demand a jury trial on all issues so triable.

DATED this 2nd day of February, 2015.

ATTORNEY FOR PLAINTIFFS

By:____________________
FRANK J. DYKAS
DYKAS & SHAVER, LLP